# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES R. BEARDEN, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: 7:25-cv-00797-RDP |
| **MORRISON HOME BUILDERS, LLC, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs/Third Party Defendants Courtney D. Bearden's and James R. Bearden's ("the Beardens") Motion to Remand. (Doc. # 6). For the reasons provided below, the Motion to Remand (Doc. # 6) is due to be granted.

This action stems from a dispute related to the construction of Plaintiffs' residence. (Doc. # 1-1). In 2022, Plaintiffs filed a complaint in Alabama state court alleging negligence, wantonness, misrepresentation, suppression of material facts, breach of warranty, breach of contract, breach of third-party beneficiary contracts, and deceit. (*Id.* at 8-16). On October 15, 2024, Defendant Morrison Home Builders, LLC filed a third-party complaint against Burlington Insurance Company seeking a declaratory judgment that the insurance company was obliged to defend and indemnify Defendant Morrison Home Builders. (Doc. # 1-3 at 6). The state court severed the third-party complaint from the underlying action (Doc. # 1-5) and on May 22, 2025, Burlington Insurance Company filed a notice of removal based on diversity jurisdiction. (Doc. # 1 at 4-5). On June 13, 2025, the Beardens filed a Motion to Remand (Doc. # 6) and on June 26, 2025, Burlington Insurance Company filed a Stipulation of Remand requesting that the court grant the motion. (Doc. # 7).

**I.      Standard of Review**

Because district courts possess limited jurisdiction, the court has an obligation to inquire into its own jurisdiction. *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no exception to . . . [this] obligation." *Id.* Under 28 U.S.C. §§ 1441 and 1446, a defendant may remove an action brought in state court to a United States district court that has original jurisdiction – either through federal question jurisdiction (§ 1331) or diversity of citizenship jurisdiction (§ 1332).

A removing party bears the burden of establishing the federal court's subject matter jurisdiction over a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). And, in the context of a motion for remand, the party opposing remand has the burden to establish that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *see Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after . . . notice of removal under section 28 U.S.C. § 1446(a) [is filed]." 28 U.S.C. § 1447(c). And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

**II.     Analysis**

The Beardens argue that remand is proper in this case for several reasons. First, they argue that removal was improper because all defendants did not consent to the removal. Second, they

argue that removal was improper because two third-party-complaint defendants – the Beardens – are citizens of Alabama and thus removal cannot satisfy the forum defendant rule. Third, they argue that the court lacks subject-matter jurisdiction because there is no complete diversity (given that a party on one side of the complaint – Morrison – shares Alabama citizenship with parties on the other side – the Beardens). Fourth, they argue that Burlington Insurance Company has not met its burden of establishing the amount in controversy to be over $75,000.

This case presents the unique situation where the removing party – Burlington Insurance Company – has filed a stipulation of remand (Doc. # 7), requesting that the court grant Plaintiff's Motion to Remand. (Doc. # 6). Because the removing party has requested remand, there is little question remand is proper.

### III. Conclusion

For the reasons stated above, the Beardens' Motion to Remand (Doc. # 6) is due to be granted.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this June 26, 2025.

 _____
 **R. DAVID PROCTOR**
 CHIEF U.S. DISTRICT JUDGE